**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES SOTO ) | |
| ) | |
| Plaintiff, ) | Case No. 24-CV-10869 |
| v. ) | |
| ) | Judge Martha M. Pacold |
| WILLIAM FOSTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MCMAHON'S UNOPPOSED MOTION FOR ENTRY OF A
HIPAA AND MENTAL HEALTH PROTECTIVE ORDER**

Defendant Timothy McMahon moves unopposed for the entry of a limited HIPAA and Mental Health Protective Order, and states as follows:

1. Plaintiff James Soto alleges he was wrongfully convicted of a 1981 double murder in Chicago. (Dkt. 1.) He named several defendants, including former Cook County Assistant State's Attorney, Timothy McMahon. (*Id.* ¶ 54.) However, given Mr. McMahon's current health condition, he is unable to represent himself.

2. Pursuant to Fed. R. Civ. P. 17(b), an individual's capacity to be sued is determined by the law of the individual's domicile. Mr. McMahon resides in Illinois. Under the Illinois Probate Act, Mr. McMahon is considered a "person with a disability," because he ". . . is not fully able to manage his person or estate . . ." 755 ILCS § 5/11a-2; *See also*, 755 ILCS § 45/2-3(c), (c-5).

3. Under Fed. R. Civ. P. 17(c)(1)(A-D), a "general guardian," "committee," "conservator," or a "***like fiduciary***" may act as a representative to defend on behalf of an incompetent person. Erin McMahon, Mr. McMahon's spouse, is a fiduciary since

she is his agent for claims and litigation pursuant to a power of attorney form executed by Mr. McMahon. *See also*, 755 ILCS § 45/3-4(j).

4. Undersigned counsel intends to produce to Plaintiff's counsel a copy of a physician's letter confirming McMahon's legal disability, but counsel first needs a protective order signed by this Court before disclosing any protected health information. To that end, undersigned counsel will submit contemporaneously with this filing a proposed protective order to the Court's inbox at [Proposed_Order_Pacold@ilnd.uscourts.gov](Proposed_Order_Pacold@ilnd.uscourts.gov) for the Court's review. All counsel of record will be copied to that email.

5. This Court is permitted to enter a protective order for purposes of discovery as long the parties show there is good cause. Fed. R. Civ. P. 26(c)(1). Trial courts "enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013).

6. Plaintiff and Defendant McMahon agree there is a good cause for entering a protective order for the limited purpose of disclosing McMahon's physician letter showing he is a person with a disability as defined under Illinois law. This will allow Plaintiff to name the real party in interest, Erin McMahon, in accordance with Rule 17.

7. Plaintiff's counsel confirmed they have no objection to this motion.

WHEREFORE, Defendant respectfully requests this Court enter the proposed protective order, and for any other relief this Court deems just and reasonable.

Date: January 29, 2025　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　By:　*/s/ Michael C. Stephenson*

Michael C. Stephenson　　　　　　　　　*Counsel for Defendants McMahon, Owen,*
Hinshaw & Culbertson LLP　　　　　　　*and Smeeton*
151 N. Franklin Street, Suite 2500
Chicago, Illinois 60606
(312) 704-3000
mstephenson@hinshawlaw.com

3

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on January 29, 2025, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                                */s/ Michael C. Stephenson*