IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| JAMES SOTO, | ) ) ) ) | No. 1:24-cv-10869 |
| Plaintiff, | ) ) | |
| v. | ) ) | Hon. Martha M. Pacold Magistrate Hon. Laura K. McNally |
| WILLIAM FOSTER, *et al.,* | ) ) ) | |
| Defendants. | ) ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSED MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Plaintiff, JAMES SOTO, through his attorneys, respectfully moves for entry of a protective order in this case, stating in support as follows:

**INTRODUCTION**

Pursuant to Rule 26, Plaintiff James Soto respectfully moves for entry of a protective order. Plaintiff's motion addresses important and recurring issues in federal civil rights cases: who has access to witness information that is critical for both Parties to adequately and fairly litigate their case. The weight of authority in this District supports equal access to information so as not to give one party an unfair litigation advantage when it comes to contacting witnesses, and neither federal nor state law provides a basis for withholding that information for juvenile witnesses from the Parties in the litigation.

This Court should enter Exhibit A, Plaintiff's Proposed Order. This order generally tracks the District's Model Order. Exhibit A also includes agreed language by the Parties in paragraph 2, as well certain additions as ordered and entered by the Court in *Lugo* after contested briefing. *See* Ex. A; *see also* Ex. B, Order, Dkt. 94, *Lugo v. Guevara, et al.,* 23 CV 01738 (N.D. Ill. April

1

26, 2024).[1] In contrast, Defendants proposed the protective order entered in *Louis Robinson v. Guevara, et al.,* 1:24-5954 (N.D. Ill.). Ex. C, *Robinson v. Guevara,* 1:24-5954 (N.D. Ill. Oct. 29, 2024).[2] While Plaintiff has reduced the number of issues in this litigation by agreeing to the use of paragraph 2 in the *Robinson* Protective Order, the other departures from the Model Order in *Robinson* present deviations that—for the reasons accepted by the Court in *Lugo*—should be rejected.

Finally, this Court should allow the Parties' agreed provision that would allow them to use documents produced in recent, earlier civil cases involving Defendant Guevara and the City. Ex. A at ¶ 13(d); Ex. C at ¶13(d).

## BACKGROUND AND LOCAL RULE 37.2 STATEMENT

The parties are at impasse despite good faith efforts to reach agreement. On May 6, 2025, the Parties conducted a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. 2. During that conference, the Parties discussed the Confidentiality Orders that would be proposed in this case. Plaintiff stated that he would propose a confidentiality order that was either entered in another Guevara-related case or that the Parties had agreed to in another Guevara-related case.

Plaintiff subsequently circulated a proposed Confidentiality Order and proposed HIPAA and Mental Health Protective Order that were both entered in the *Lugo* matter. Defendants' counsel disagreed with certain provisions of the Confidentiality Order entered in *Lugo*, including

---

[1] Importantly, the Parties briefed the issue of whether Chicago Police Department Complaint Register ("CR") files can be designated as confidential, even though CR documents are public under Illinois law, in *Lugo*. The Court ruled in favor of Plaintiff's argument for these files not to be designated confidential. *See* Ex. B at 1, 3-6. While Plaintiff's position remains consistent here – that these documents are public under Illinois law and therefore should not be designated as confidential – in the interest of reducing the disputed issues here, he has conceded that issue for the purpose of this Protective Order. In *Robinson*, the Parties agreed to the language included in paragraph 2 of Plaintiff's Proposed Order.
[2] This Exhibit is a "compare" version of the *Robinson* Order and the District's Model Protective Order, with the changes therein highlighted.

the issue of CRs being designated as confidential, and information subject to redactions. Defendants alternatively proposed the Confidentiality Order entered in the *Robinson* matter. The Parties conferred via videoconference about the proposed Confidentiality Order on May 19, 2025, and arrived at impasse on the issues included in this briefing. Before submitting this filing, Plaintiff has reduced the issues even further by agreeing to designate CR files as confidential. Defendants requested two weeks for their response.

## LEGAL STANDARD

Neither party disputes that witness contact information is properly considered confidential and should be used only for use within this case. At issue is whether the City has the right to redact witness information from documents prior to their production to counsel. Fed. R. Civ. P. 26(c)(1). This Court's review is governed by Rule 26(c)(1), which provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26 empowers this Court to fashion a protective order in the first place, and its good cause standard governs. *Id.*; *see generally* 8A Wright, et al., Fed. Prac. & Proc. §§ 2035, 2036 & 2043 (3d ed. Apr. 2019 update).

A party seeking to modify this Court's Model Order bears the burden of showing good cause for their proposed protective order under Rule 26. *Central States, Se. v. Nat'l Lumber Co.*, 2012 WL 2863478, at *2 (N.D. Ill. July 11, 2012) (citing *Jepson, Inc. v. Makita Elec. Works*, 30 F.3d 854, 858 (7th Cir. 1994). This Court must balance the harm to the party seeking protection against the importance of public disclosure. *In re Northshore Univ. Healthsystem*, 254 F.R.D. 338, 341-42 (N.D. Ill. 2008). In sum, the presumption is that documents exchanged in discovery can be disseminated by the parties unless good cause for a protective order.

**DISCUSSION**

I. **This Court should reject any deviations from the Model Order unsupported by good cause.**

The Parties have agreed to certain additions to paragraph 2 of Plaintiff's Proposed Order for which there is good cause to enter, in light of that agreement to the terms. However, Defendants' proposed Order presents other problematic deviations from the Model Order that must be rejected because they create unnecessary ambiguity, could lead to over-designation of documents as confidential, provide an unfair advantage to defense counsel, and are unsupported by the law.

First, Defendants' proposed modifications to Paragraph 3 is not warranted. Mirroring the Model Order, Plaintiff's Proposed Order requires that a confidential stamp be made "prior to or at the time of the documents being produced or disclosed." Ex. A ¶3(a). In contrast, Defendants seek to apply this stamp "prior to or as soon as practicable <u>after</u> the documents are produced or disclosed." *See* Ex. C ¶3(a) (emphasis added). Such open-ended language leaves parties waiting indefinitely to be advised whether a confidential designation will be made, and paragraph 6 of the Model Order—incorporated as Paragraph 7 in Exhibit A—already sufficiently protects a later confidentiality determination through its clawback procedure. *See* Ex. A ¶ 7. As the Court found in *Lugo*, the Model Order is sufficient. *See* Ex. B at 7 ("[T]he indefinite language 'as soon as practicable' could lead to confusion and uncertainty as to whether documents will be designated confidential. The District's Model Order is sufficient.").

Likewise, Defendants' Paragraph 4 seeks further unwarranted and unnecessary modifications. Defendants' proposal would not only permit parties to state on the record that portions of a deposition be treated confidential *without* a subsequent Notice of Designation

4

identifying such portions, but would also permit a party to designate *additional* portions confidential, even had they not be identified so during the deposition. *See* Ex. C ¶4. As the court found in *Lugo,* this change lacks good cause because "[i]t is incumbent on the parties to adequately prepare for depositions and be prepared to identify all portions that will be deemed confidential *at the time the deposition is taken*, in order to ensure the deposition record is clear as to what portions are considered confidential. Allowing parties the ability to designate additional testimony after the fact creates uncertainty and could . . . lead to the over-designation of deposition testimony as confidential." Ex. B at 8 (emphasis added). Practically speaking, when parties might not order the transcript until months after the deposition was conducted, the model order's requirement that the designating party alert all parties in writing that confidential matter appears in the transcript makes sense. It prevents a party from inadvertently disclosing a transcript with confidential matter. Plaintiff has no objection to extending the time for parties to designate such testimony as confidential to 28 days.

Third, Defendants' proposed paragraph 6 affords the defense an unfair litigation advantage. Plaintiff does not object to treating personal identifying information as confidential, as the Model Order permits. Ex. A at ¶ 2. However, in Defendants' proposed paragraph 6 (Ex. C at ¶6), Defendants seek to *redact* information entirely, prior to production to the plaintiff, thereby restricting Plaintiff's equal access to information. This redaction affords Defendants an unfair advantage, retaining for Defendants unilateral access to identifying information about witnesses and placing Plaintiff at a disadvantage in locating the witnesses. No good cause exists for Defendants to have such broad redacting authority.

Plaintiff has no objection to the extent redactions are necessary to protect officers, as is

5

noted in Plaintiff's Proposed Order here and by the Court in *Lugo*. Ex. A ¶ 6; Ex. B at 1. However, Defendants' paragraph 6 seeks the authority to redact much more, including "information covered by the Juvenile Court Act." Ex. C ¶ 6. This practice wreaks havoc in wrongful conviction cases, resulting in the City redacting key witness information in numerous documents, merely because the witness was—long ago—a juvenile. That is so particularly in this case, where many of the witnesses detained, subjected to charges, or accused of crimes were juveniles at the time. Now, over forty years later, there is no basis for redaction. The Juvenile Court Act does not create a basis in the first place to redact information, as state statutes typically do not provide a basis to withhold information in federal litigation. Moreover, the Juvenile Court Act expressly *exempts* juvenile witnesses from its reach. *See* 705 ILCS 405/1-3 ("'Juvenile law enforcement record' includes records of arrest, station adjustments, . . . or any other records or documents maintained by any law enforcement agency relating to a minor suspected of committing an offense, and records maintained by a law enforcement agency that identifies a juvenile as a suspect in committing an offense, but does not include records identifying a juvenile as a victim, witness, or missing juvenile" (emphasis added). There is no good cause to include Juvenile Court Act language in paragraph 6. *See, e.g.,* Ex. B at 9 (*Lugo* court finding no good cause for the Juvenile Court Act language in paragraph 6 because "the designation of information protected under the Juvenile Court Act as confidential is sufficient, as that will protect it from public disclosure, as the state law intends, but will still allow Lugo to investigate and prosecute the case by identifying potential witnesses.").

**II.    This Court should allow designation of confidential documents from prior cases.**

The Parties agree on a provision that enables them to produce documents in this case that have been produced as confidential in recent civil cases against Defendant Guevara and the

6

City.[3] Ex. C, at ¶ 13(d); Ex. A, at ¶13(d). The parties have jointly requested entry of this same provision other recent Guevara wrongful conviction cases. *E.g.*, Ex. D, *Gonzalez* Defendants' Proposed Order, at ¶12(d); Ex. E, *Lugo* Plaintiff's Proposed Order. This agreed provision would allow the parties to avoid duplicative productions and reduce unnecessary litigation costs; thus, good cause exists for its entry.

## CONCLUSION

For the foregoing reasons, this Court should enter Exhibit A—Plaintiff's Proposed Order, which largely mirrors the Model Order.

**DATED:** May 27, 2025

RESPECTFULLY SUBMITTED,

**By: James Soto**

/s/ Meg Gould
*One of Plaintiff's Attorneys*

Jon Loevy

---

[3] The agreed stipulation allows production of documents that have been produced as confidential in: *J. Johnson v. Guevara*, No. 05-cv-1042 (N.D. Ill.); *J. Rivera v. Guevara*, No. 12-cv-4428 (N.D. Ill.); *Serrano v. Guevara*, No. 17-cv-2869 (N.D. Ill.); *Montanez v. Guevara*, No. 17-cv-4560 (N.D. Ill.); *Gomez v. Guevara*, No. 18-cv-3335 (N.D. Ill.); *DeLeon-Reyes v. Guevara*, No. 18-cv-1028 (N.D. Ill.); *Solache v. Guevara*, No. 18-cv-2312 (N.D. Ill.); *Maysonet v. Guevara*, No. 18-cv-2342 (N.D. Ill.); *Sierra v. Guevara*, No. 18-cv-3029 (N.D. Ill.); *R. Rodriguez v. Guevara*, No. 18-cv-7951 (N.D. Ill.); *Iglesias v. Guevara*, No. 19-cv-6508 (N.D. Ill.); *D. Johnson v. Guevara*, No. 20-cv-4156 (N.D. Ill.); *Rodriguez v. Guevara*, No. 22-cv-6141 (N.D. Ill.); *Gonzalez v. Guevara,* No. 22-cv-6496 (N.D. Ill.); *Flores v. Guevara,* No. 23-cv-1736 (N.D. Ill.); *Hernandez, et al. v. Guevara*, No. 23-cv-1737 (N.D. Ill.); *Lugo v. Guevara,* No. 23-cv-1738 (N.D. Ill.); *Davila v. Guevara*, No. 23-cv-1739; *Abrego v. Guevara,* No. 23-cv-1740; *Martinez v. Guevara*, No. 23-cv-1741 (N.D. Ill.); *Gecht v. Guevara*, No. 23-cv-1742 (N.D. Ill.); *G. Rivera v. Guevara,* No. 23-cv-1743 (N.D. Ill.); *Kwil v. Guevara*, No. 23-cv-4279 (N.D. Ill.); *Cain v. Guevara,* No. 23-cv-14282 (N.D. Ill.); *R. Hernandez v. Guevara*, No. 23-cv-15375 (N.D. Ill.); *Tinajero v. Guevara,* No. 24-cv-1598 (N.D. Ill.); *Kelly v. Guevara*, No. 24-cv-5458 (N.D. Ill.); *Robinson v. Guevara*, No. 24-cv-5954 (N.D. Ill.); *J. Soto v. Foster,* No. 24-cv-10869 (N.D. Ill.); *Ortiz v. Guevara*, No. 24-cv-11057 (N.D. Ill.); and *O. Soto v. Guevara*, No. 24-cv-12554 (N.D. Ill.).

        Russell Ainsworth
Meg Gould
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
gould@loevy.com

## LOCAL RULE 37.2 CERTIFICATE OF COMPLIANCE

      I, Meg Gould, an attorney, hereby certify that Plaintiff, in compliance with Local Rule 37.2, has engaged in good faith efforts to resolve the issue prior to filing this Motion.

      On May 6, 2025, the Parties conducted a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and discussed the Confidentiality Orders that would be proposed in this case. Plaintiff stated that he would propose a confidentiality order that was either entered in another Guevara-related case or that the Parties had agreed to in another Guevara-related case. Plaintiff subsequently circulated a proposed Confidentiality Order and proposed HIPAA and Mental Health Protective Order that were both entered in the *Lugo* matter. Defendants' counsel disagreed with certain provisions of the Confidentiality Order entered in *Lugo*, including the issue of CRs being designated as confidential, and information subject to redactions. Defendants alternatively proposed the Confidentiality Order entered in the *Robinson* matter. The Parties conferred via videoconference about the proposed Confidentiality Order on May 19, 2025, and arrived at impasse on the issues included in this briefing. Before submitting this filing, Plaintiff has reduced the issues even further by agreeing to designate CR files as confidential. Defendants requested two weeks for their response.

        Respectfully Submitted,

        /s/ Meg Gould
        *One of Plaintiff's Attorneys*

        Jon Loevy
Russell Ainsworth
Meg Gould
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
gould@loevy.com