IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES SOTO, | ) |
| | ) No. 1:24-cv-10869 |
| Plaintiff, | ) |
| | ) |
| v. | ) Hon. Martha M. Pacold |
| | ) Magistrate Hon. Laura K. McNally |
| WILLIAM FOSTER, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |

**PLAINTIFF'S ENTRY OF CLARIFICATION**

Plaintiff, JAMES SOTO, through his attorneys, respectfully provides these points of clarification as directed by the Court in its May 28, 2025 Order. Dkt. 173.

1. First, the Court requested that Plaintiff clarify the intention behind the redaction described in Paragraph 6—whether that provision will "(a) permit the producing party to redact information in the production set (i.e., redaction that would preclude the requesting party from seeing this information), or (b) permit redaction only in copies of records placed in the public record." *Id.*

2. The Parties did not expressly discuss that distinction during their conferral. Plaintiff's position is that the City may redact a police officer's confidential information from the documents to be produced in this litigation. Dkt. 171-2. Plaintiff opposes Defendants' position, in which they intend to redact identifying information about witnesses in this case from documents to be produced. As stated in Plaintiff's motion, Defendants' position would unfairly prejudice Plaintiff by producing an uneven playing field: Defendants would have access to information about witnesses that would be withheld from Plaintiff. *See* Dkt. 171 at

1

5-6.

3.  Next, the Court asked Plaintiff to clarify whether "rely on" in Paragraph 13(d) "is intended to pre-litigate any evidentiary issues with the documents produced in the listed cases." Dkt. 173.

4.  In short, no. Plaintiff's proposed Paragraph 13(d) does not intend to pre-litigate any evidentiary issues regarding those documents for purposes of this litigation. The use of those documents is also subject to Plaintiff's Paragraph 17, which states that:

> This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue."

Dkt. 171-2 ¶ 17.

Dated: May 29, 2025

RESPECTFULLY SUBMITTED,

/s/ Meg Gould
*Counsel for Plaintiff*

Jon Loevy
Russell Ainsworth
Meg Gould
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
gould@loevy.com

2

## CERTIFICATE OF SERVICE

      I, Meg Gould, an attorney, certify that on May 29, 2025, I filed the foregoing entry to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

Dated: May 29, 2025

      /s/ Meg Gould
      *One of Plaintiff's Attorneys*