# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SOTO, | ) | |
| | ) | Case No. 24 CV 10869 |
| Plaintiff, | ) | |
| | ) | Hon. Martha M. Pacold |
| vs. | ) | |
| | ) | Magistrate Hon. Laura K. McNally |
| WILLIAM FOSTER, et al. | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S
## MOTION FOR ENTRY OF A PROTECTIVE ORDER [DKT. 171]

NOW COME Defendants William Foster, Ernest Hernandez, Thomas Richardson, Michael Duffin, Anthony Pecoraro, Anthony Kuta, Roman Tapkowski, Vincent Tondryk, Michael McMeel, Eugene Labiak, Philip Szipcki, Wayne Straza, Nicholas Dub, Robert Johnson, Robert Miller, Stephen Castro, Stanley Byczek, John Schmidt, and Geri Lynn Yanow, as Special Representative of John Regan and Dennis Maderak, deceased, Renaldo Guevara, the City of Chicago, by and through their respective undersigned counsel, in response to Plaintiff's Motion for Entry of a Protective Order (Dkt. 171), state as follows:

### INTRODUCTION

Plaintiff's Motion fails to mention a critical fact: Defendants proposed the *Robinson* Agreed Protective Order in this case because it was the most recent protective order **proposed by Plaintiff's counsel** in another Guevara case, where they represent the plaintiff, and was agreed to

by all parties (represented by the same attorneys here)[1]. In *Robinson v. Guevara,* 24-cv-5954 (N.D. Ill)*,* plaintiff Robinson's counsel, again, the same attorneys that represent Plaintiff Soto, filed a motion admitting that there was good cause to enter the same order Defendants have proposed here, and the *Robinson* court agreed. (*Robinson* Dkt. 50, Plaintiff's Unopposed Motion for Entry of Confidentiality and Protective Order; *Robinson* Dkt. 51, Minute order granting Plaintiff's Unopposed Motion for Entry of Confidentiality and Protective Order; *Robinson* Dkt. 53, Agreed Confidentiality Order (attached as Exhibit A); *see also* Defendants' proposed confidentiality order with redlines from the Model Order, attached as Exhibit B). This should be reason enough to enter that same order here. Apparently, Plaintiff's counsels have changed their position since October 2024.

Instead of agreeing to an order the same counsels had just agreed to a few months ago Plaintiff proposed an order from the only Guevara case in the past five years where the plaintiff prevailed outright in moving for a confidentiality order, the *Lugo* case. Nonetheless, it's fair to say that the majority of Courts have found good cause for Defendants' proposal, and the contested paragraphs, then did not.

**RULE 37 CONFERRALS**

To add to Plaintiff's Rule 37 statement, on May 19, 2025, the City's counsel informed Plaintiff in writing that Defendants were proposing the same order that Plaintiff's counsel had just recently proposed in the *Robinson* case. (*See* E-mail attached as Exhibit C). That same day, the City informed Plaintiff of the same thing when the parties conducted their Rule 37 video conferral. Plaintiff's Motion ignores this fact.

---

[1] Plaintiff Soto and Plaintiff Robinson are represented by Loevy & Loevy; Defendant Guevara is represented by Borkan & Scahill in both cases; Defendant City is represented by Rock, Fusco & Connelly in both cases; and the individual Defendant Officers are represented by The Sotos Firm in both cases. There are no Cook County Defendants in the *Robinson* case.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Bond v. Utreras*, 585 F.3d 1061, 1068 (7th Cir. 2009). "Rule 26(c) allows a court to shield certain documents from the public where there is good cause to do so." *Bond*, 585 F.3d at 1074. The rule confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Gordon v. Countryside Nursing & Rehab, Ctr., LLC,* 2012 WL 2905607, at *2 (N.D. Ill. July 16, 2012).

**ARGUMENT**

**I.    Paragraph 3**

Plaintiff argues that Defendants' proposed language substituting "at the time of" to "as soon as practicable after" will leave "parties waiting indefinitely to be advised whether a confidential designation will be made." (Dkt. 171, Plaintiff's Motion for Entry of Protective order, p. 4). However, that is not true. Indeed, on October 30, 2023, Judge Tharp addressed this exact argument made by Plaintiff's counsel on the exact same proposed language in *Flores v. Guevara,* 23-cv-1736 (N.D. Ill.), stating:

> The plaintiffs (sic) argue that that leaves the parties in limbo indefinitely as to whether documents have been designated as confidential or not.
>
> I don't think that's correct. The parties are not in limbo if a document has not been labeled as confidential. There's no confidentiality provision that applies to it at that point in time. If the defendants later seek to have information designated as confidential that was previously produced without such a designation, they're going to have to not only establish that the information is covered by the confidentiality order and that the disclosure of that information was made as soon as practicable. So I don't think there is an issue of the plaintiffs not being clear on whether something is confidential or not so…I will make the modification that's requested by the defendants[.]

(Exhibit D, Transcript of Proceedings from *Flores*, at 5:21-6:12). The same reasoning applies here. Further, Plaintiff's counsel proposed the use of this same language in *Robinson*. (*See* Ex. A at ¶ 3).

## II.     Paragraph 4

Similar to paragraph 3, Plaintiff argues that Defendants' proposed changes to paragraph 4 creates uncertainty as to making confidential designations of deposition testimony in the form of over-designation and timing. However, multiple courts in Guevara cases just like this one have ruled there is good cause for Defendants' proposed edits because it fills a gap in the Model Order. Defendants propose the following bolded language to paragraph 4:

> Deposition testimony, **including exhibits,** is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony **or exhibits** so designated shall be treated as Confidential Information protected by this Order. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying **additional** specific portions of the transcript that are designated Confidential Information, and thereafter those **additional** portions identified in the Notice of Designation shall **also** be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of **additional** deposition **testimony or exhibits** as Confidential Information, unless otherwise ordered by the Court.

(Ex. A at ¶ 4). Defendants added the proposed language in this paragraph years ago in other Guevara cases to address concerns from plaintiffs. Those plaintiffs were concerned – which Defendants agreed was a fair concern – that during depositions, sometimes the parties specifically request on the record that certain qualifying information be designated as confidential. On other occasions, when the parties receive and review the transcript, they may determine that certain information should have been designated as confidential but was inadvertently not designated. Defendants' modifications still allow for agreed-upon confidential designations at the deposition,

while also allowing a party to designate additional information as confidential that was inadvertently missed during the deposition within fourteen days of receipt of the transcript.

In May of 2024, Magistrate Judge Kim agreed that Defendants' same proposal to paragraph 4 fills a gap in the Model Order because although the Model Order "addresses a party's inadvertent failure to designate a document," it "does not cover inadvertent failure to designate deposition testimony as 'confidential' at the time of testimony." (*Munoz v. Guevara,* 23-cv-3210 (N.D. Ill May 7, 2024), Dkt. 116 at p. 4). Even more recently, in November of 2024, Judge Gottschall granted Defendants' same modification to paragraph 4 in *Myles v. Wojcik,* 23-cv-14280 (N.D. Ill.), ruling that "to provide for a 14-day period in which to review a deposition transcript and make confidentiality designations is reasonable and is accepted…a 14-day period is unlikely to delay the litigation in any significant way." (*Myles* Dkt. 114 at p. 11, ¶ 4). This provision was also included in multiple other Guevara cases (many times by agreement with the same Plaintiff's counsel here): *Santiago v. Guevara,* 23-cv-14284 (N.D. Ill), Dkt. 100; *Mendoza v. Guevara,* 23-cv-2441 (N.D. Ill.), Dkt. 77[2]; *N. Gonzalez v. Guevara,* 23-cv-14281 (N.D. Ill), Dkt. 91; *Abrego v. Guevara,* 23-cv-1740 (N.D. Ill.), Dkt. 118; *Martinez v. Guevara,* 23-cv-1741 (N.D. Ill.), Dkt. 155; *Gecht v. Guevara,* 23-cv-1742 (N.D. Ill.), Dkt. 150; *G. Rivera v. Guevara,* 23-cv-1743 (N.D. Ill.), Dkt. 100; *D. Rodriguez v. Guevara,* 22-cv-6141 (N.D. Ill.), Dkt. 152; *A. Gonzalez v. Guevara,* 22-cv-6496 (N.D. Ill.), Dkt. 141; and *Iglesias v. Guevara,* 19-CV-6508 (N.D. Ill.), Dkt. 104.

Finally, despite all these protective orders that include Defendants' proposed paragraph 4, Plaintiff's Motion does not provide a single example of any party in those cases (most of which are represented by the same plaintiff's counsel here) over-designating testimony or any other

---

[2] The *Mendoza* case is consolidated with *Mulero v. Guevara,* 23-cv-4795. Plaintiff's counsel here represents Mulero and provision 4 was agreed by all parties as noted by the entered "Agreed Confidentiality Order."

prejudice to any party due to modification in paragraph 4. And, once again, Plaintiff's counsel proposed this same language in *Robinson*. (*See* Ex. A at ¶ 4).

## III. Paragraph 6

Plaintiff argues that Defendants' proposed paragraph 6 – the same one Plaintiff's counsel proposed just months ago – gives Defendants an unfair advantage because only Defendants would have access to the personal identifying information ("PII"). Fortunately for Defendants, and this Court, Defendants have prevailed over this same argument for years. Defendants propose the following paragraph 6:

> **Redaction of Personal Identifying Information.** Notwithstanding the foregoing provisions, the responding party shall have the right to redact from all documents produced in discovery social security numbers, dates of birth, and information that may not be disclosed pursuant to the Juvenile Court Act, as well as, for security reasons, all references to a current or former individual state's attorneys and police officer's confidential information about him/herself and his/her family, including but not limited to, social security number, home address, home and cellular telephone number(s), personal email address(es), the names of family members and the names of insurance beneficiaries.

(Exhibits A & B).

Plaintiff does not object to the redactions of personal identifying information for police officers and their families. Although Plaintiff does not explicitly mention whether he objects to the inclusion of state's attorneys in this provision, it seems safe to assume there is no objection since Plaintiff did not raise it in his motion.

Nonetheless, the dissemination of social security numbers and other personal identifying information, including dates of birth for other non-parties, would be a violation of those individuals' privacy rights.

Further, as to Plaintiff's concern about Defendants having unilateral access to the information to create a litigation advantage, Defendants do not use the unredacted files to seek out

witnesses. Plus, even if Defendants did use it to their sole advantage, Defendants are required by Rule 26(a)(1) to include the last known contact information of witnesses. Plaintiff's counsel has been making this same argument for years, and Defendants have pointed out numerous times that none of those plaintiffs have ever provided one example of Defendants using this provision as a litigation advantage, nor does Plaintiff do so here. Defendants do not use redacted information to their advantage, and do not plan to start doing so in this case. Defendants have always informed Plaintiff's law firm in other cases, and the Court when briefing this issue, that if Plaintiff needs information from a document where PII is redacted, Plaintiff can simply ask and the City will work with Plaintiff to identify the information they need. *See A. Gonzalez v. Guevara,* 22-cv-6496, Dkt. 140, Court's Order on Defendants' Motion for Entry of Confidentiality Order at p. 7 (accepting Defendants' representation that it would meet and confer with plaintiff regarding the need for additional contact information to locate witnesses whose identifying information had been redacted) (*citing Prince v. Kato,* 2019 WL 3554533, at *5 (N.D. Ill. July 30, 2019) (same)); *see also Martinez v. Guevara,* 23-cv-1741, Dkt. 154 at p. 3 (same, and citing multiple Guevara cases in Defendants' favor).

Further, Plaintiff's counsel has been involved in the investigation of Plaintiff's case for years as his attorneys were involved in his post-conviction proceedings. Plaintiff has already produced well over a dozen affidavits he obtained from witnesses to support his post-conviction proceedings, so it is unfathomable that Plaintiff's counsel either has not already contacted all the witnesses he believes are relevant to his case or has their contact or other identifying information. It is more likely that Defendants will ask Plaintiff's counsel for contact or identifying information (excluding police officers), rather than the other way around. In fact, it is extremely rare Plaintiff's

counsel has requested the PII of any third-party witness based on redactions from a document (at least of a witness that was not a police officer).[3]

Indeed, Defendants have repeatedly succeeded on paragraph 6 in the past: *Santiago v. Guevara,* 23-cv-14284 (N.D. Ill), Dkt. 99 (par. 6 granted in full); *Andino v. Guevara,* 23-cv-14283, Dkt. 140 (ruling that Defendants showed good cause to justify protecting this information for privacy concerns, and that "the Court deems 'it appropriate to protect sensitive information' that in many instances has no relevance to the litigation, although, again, Plaintiff may raise the issue if redactions render some documents unintelligible or unusable in this litigation.") (*quoting Davila v. Guevara,* 23-cv-1739, Dkt. 88 at p. 15); *Munoz v. Guevara,* 23-cv-3210, Dkt. 115 at p. 5 (ruling that "Defendants have shown good cause and any burden placed on Plaintiff to seek the necessary PII is not unduly burdensome when compared with the rights of individuals to have their PII kept private from Plaintiff."); *Abrego v. Guevara,* 23-cv-1740, Dkt. 115 (Plaintiff's motion denied, and Defendants full proposed confidentiality order entered); *Martinez v. Guevara,* 23-cv-1741, Dkt. 154 at pp. 2-5 (finding good cause for paragraph 6); *G. Rivera v. Guevara,* 23-cv-1743, Dkt. 94 (finding good cause for paragraph 6 as the court had in other cases because "it was necessary and appropriate to safeguard information such as social security numbers or family member names as they had no relevance to the underlying issues, and Defendants were willing to meet and confer if personal identifying information was needed to locate potential witnesses."); *D. Rodriguez v. Guevara,* 22-cv-6141, Dkt. 131 (same); *R. Rodriguez v. Guevara,* 18-cv-7951, Dkt. 155 (paragraph 6 granted in full); *Iglesias v. Guevara,* 19-CV-6508, Dkt. 102 at pp. 6-7 (paragraph 6 granted in

---

[3] Defendants use "extremely rare" because they cannot think of once instance in which this has happened in a Guevara case, but leave open the possibility that they have missed or forgotten when it has happened in the past.

full); and *Gomez v. Guevara,* 18-cv-3335, Dkt. 74 (Defendants' proposed protective order granted in full).

Plaintiff also argues that Defendants do not have good cause to redact information pursuant to the Juvenile Court Act ("JCA").[4] Plaintiff's argument that juvenile records should not be redacted here because the individual was a juvenile "long ago" is meritless and Plaintiff provides no support to his argument that the age of a record means the juvenile information is no longer protected. The JCA requires that certain information, as well as the identities of juveniles and others related to juveniles be redacted, even in documents that are considered confidential. *See* 705 ILCS 405/1-7, 705 ILCS 405/5-905, 705 ILCS 405/5-120, 705 ILCS 405/5-130, and 705 ILCS 405/5-105. The JCA is not so simple that Plaintiff can merely cite to the definition of the term for "juvenile law enforcement record" and claim there is no good cause because of it. The JCA lists in multiple places, exceptions where certain juvenile documents can be produced, and they are very narrow exceptions, implying the purpose of the JCA is to limit dissemination. 705 ILCS 405/5-905(1)(a)-(h); 705 ILCS 405/1-8(A)(1)-(12). Further, Plaintiff's argument that the JCA exempts juvenile witnesses from its reach is not entirely true, as there are multiple exceptions scattered throughout the JCA (and it would require the producing party to distinguish between whether a juvenile is a witness, victim, suspect, offender, or otherwise). Indeed, the JCA states that juvenile records "may never disclosed to the general public or otherwise made widely available…" but that they "may be maintained only under [exceptions listed], when their use is needed for good cause and with an order from the juvenile court, as required by those not authorized to retain them." 705 ILCS 405/1-7.

---

[4] Despite Plaintiff's argument that Defendants' paragraph 6 seeks to redact "information covered by the Juvenile Court Act," Defendants proposed order seeks to redact "information that may not be disclosed pursuant to the Juvenile Court Act." This is a revision that was ordered in *Martinez v. Guevara,* 23-cv-1741, Dkt. 154, p. 5, fn.2, and then proposed by Plaintiff's same counsel in *Robinson*.

Instead, Defendants suggest the same approach the Court took in *Martinez* (and that Plaintiff's own counsel proposed in *Robinson*, but now rejects):

> [T]here is no question that the JCA prohibits disclosure in certain circumstances of information from juvenile law enforcement records, at least without first obtaining an order from the Juvenile Court after a showing of good cause. It is impossible for the Court to determine in a vacuum whether as yet unidentified information and records responsive to discovery are subject to the JCA's confidentiality provision. It is reasonable, however, to allow the responding party to produce documents in redacted form as an initial matter if that party believes production in unredacted form would violate the JCA. Of course, the responding party must identify for the receiving party any redactions made pursuant to the JCA to distinguish them from redactions made for other reasons. To the extent the parties are then unable to resolve disputes over particular redactions, the receiving party may challenge them and seek a court ruling. As a practical matter, the parties may also wish to file an agreed petition with the Juvenile Court to obtain unredacted records so there is no delay in the event this Court finds that the JCA precludes disclosure.

(*Martinez,* 23-cv-1741, Dkt. 154 at p. 5). Or, as Judge Daniel stated in *Davila*:

> I adopt the defendants' proposed language. The Act states, "[a]ll juvenile law enforcement records which have not been expunged are confidential and may never be disclosed to the general public or otherwise made widely available," and then sets forth who may access the records and how. The clear import of the status is to protect adjudicated juveniles through the limited dissemination of their information. The defendant's proposal provides greater protection than simply designating the material as confidential. If redacts make records unintelligible, I encourage the parties to confer to resolve it and, if unsuccessful, to bring the issue to me."

(*Davila,* 23-cv-1739, Dkt. 88 at p. 17)

Overall, multiple courts in cases just like this one have found good cause for each and every paragraph in Defendants' proposed confidentiality order. But, most importantly, Plaintiff's attorneys themselves have agreed, as recently as a few months ago, that Defendants' proposed order here supports good cause by proposing it themselves in *Robinson*.

WHEREFORE, Defendants respectfully request the Court find good cause for Defendants' proposed confidentiality protective order, and thus, deny Plaintiff's motion, and for such further relief as this Court deems appropriate.

Dated: June 6, 2025

RESPECTFULLY SUBMITTED,

/s/ Austin G. Rahe
AUSTIN G. RAHE, Atty. No. 6317608
*One of the Attorneys for the City of Chicago*

/s/ John Timbo
KATHERINE E. LINEHAN, Attorney No. 6238251
*One of the Attorneys for Foster, Hernandez, Richardson, Duffin, Pecoraro, Kuta, Tapkowski, Tondryk, McMeel, Labiak, Szipcki, Straza, Dub, Johnson, Miller, Castro, Byczek and Schmidt, and Yanow, as Special Representative for John Regan and Dennis Maderak, deceased,*

Special Assistant Corporation Counsel
Rock Fusco & Connelly, LLC
333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
P: (312) 494-1000
arahe@rfclaw.com

Special Assistant Corporation Counsel
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
P: (630) 735-3300
jtimbo@jsotoslaw.com


s/Amanda C. Guertler
AMANDA C. GUERTLER
*One of the Attorneys for Reynaldo Guevara*

Special Assistant Corporation Counsel
Borkan & Scahill, Ltd
20 S. Clark Street, Suite 1700
Chicago, IL 60603
P: (312) 580-1030
aguertler@borkanscahill.com