IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SOTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 24-cv-10869 |
| | ) | |
| WILLIAM FOSTER, ERNEST HERNANDEZ, | ) | |
| JOHN SCHMIDT, ROBERT MILLER, | ) | Hon. Martha M. Pacold |
| EUGENE LABIAK, STEPHEN CASTO, | ) | Magistrate Hon. Laura K. McNally |
| THOMAS RICHARDSON, MICHAEL DUFFIN, | ) | |
| REYNALDO GUEVARA, ROBERT JOHNSON, | ) | |
| ANTHONY PECORARO, ANTHONY KUTA, | ) | **JURY TRIAL DEMANDED** |
| ROMAN TAPKOWSKI, STANLEY BYCZEK, | ) | |
| VINCENT TONDRYK, KENNETH MANN, | ) | |
| WAYNE STRAZA, MICHAEL MCMEEL, | ) | |
| JUDE EVANS, PHILLIP SZPICKI, N. DUB, | ) | |
| GERI LYNN YANOW, as Special Representative | ) | |
| of JOHN REGAN and DENNIS MADERAK, the | ) | |
| CITY OF CHICAGO, GREGG OWEN, ERIN | ) | |
| McMAHON, as Special Representative of | ) | |
| TIMOTHY MCMAHON, JACK SMEETON, | ) | |
| and COOK COUNTY, and | ) | |
| UNIDENTIFIED POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

**CITY DEFENDANTS' PARTIALLY
OPPOSED JOINT MOTION FOR CONSOLIDATION**

City Defendants, by and through their respective undersigned counsel, and pursuant to Fed. R. Civ. P. 42, move to consolidate the above-captioned case with *Ayala v. Foster, et al.*, 24-CV-12800, currently pending in this District Court before the Honorable Judge LaShonda A. Hunt, through discovery and dispositive motion practice, and in support thereof, state as follows:

**INTRODUCTION**

*Soto* and *Foster* are virtually identical lawsuits filed by two sets of attorneys and assigned to two separate judges. Both cases involve the same issues of fact and law and arise from the same occurrence

1

– the Plaintiffs' arrests for the 1981-murders of Julie Limas and Hector Valeriano and shooting of Juan Padilla, their subsequent prosecutions and convictions, and the reversals of their convictions. *See* Exhibit A, *Soto* First Amended Complaint; Exhibit B, *Ayala* First Amended Complaint. Both Plaintiffs have named the same Defendants, twenty-three former Chicago police officers, three former Cook County Assistant State's Attorneys (ASA), the City of Chicago, and Cook County. Soto's initial Complaint was filed on October 22, 2024. Dkt. 1. Ayala's initial Complaint was filed on December 12, 2024. *Ayala v. Foster, et al.*, 24-CV-12800, Dkt. 1. The parties have issued written discovery in *Soto*, but not yet in *Ayala*.

Defendants now move, consistent with Local Rule ("LR") 40.4, for reassignment to this Court of the *Ayala* case because it is related to *Soto* under LR 40.4(a) and meets each condition for reassignment under LR 40.4(b). Particularly, reassignment will not cause substantial delay, will avoid wasteful overlap, and will result in a significant saving of the Court's and parties' time, effort, and resources because the cases are susceptible of disposition in a single proceeding. Defendants also move for these cases to be consolidated for the purposes of discovery and summary judgment pursuant to Fed. R. Civ. P. 42(a). All Parties agree that the factors supporting consolidation exist in this case, and therefore, agree to consolidation for purposes of discovery[1]. City Defendants also seek consolidation for all pretrial proceedings, including summary judgment, and reassignment. Plaintiffs agreed only to consolidation for purposes of discovery.

**FACTUAL BACKGROUND**

This matter, *Soto*, and *Ayala v. Foster, et al.*, 24-CV-12800, are virtually identical lawsuits currently assigned to separate judges. Both James Soto and David Ayala allege that the same Chicago police officers as well as two ASAs violated their constitutional rights when they were questioned, charged, and later convicted of the 1981 murders of Julie Limas and Hector Valeriano and shooting of Juan

---

[1] City Defendants reserve their right to seek consolidation for trial at a later date, if necessary.

Padilla in Pietrowski Park. Both cases arise from the exact same occurrences – the Plaintiffs' arrests, prosecutions, convictions, and subsequent reversals of those convictions for the same murders. *See* Ex. A, Ex. B. The alleged facts and legal claims against Defendants are virtually identical and rely on essentially the identical body of evidence and witnesses.

The factual allegations against the Defendants are almost exactly the same in form and substance. Soto and Ayala allege: (1) On August 16, 1981 at approximately 9:30 p.m. a dark blue van pulled up to Pietrowski Park and shots were fired, killing Julie Limas and Hector Valeriano, and injuring Juan Padilla; (2) in the aftermath of the shooting, witnesses identified two perpetrators: Victor "Fat Victor" Rodriguez and John "J.J." Rojas, not either Plaintiff; (3) on October 5, 1981, Rodriguez was charged as a juvenile; however, a juvenile court judge refused to grant the prosecution's motion to move the case to adult court and the case was never tried; (4) on October 14, 1981, Defendant Officers Foster, Hernandez, Schmidt, Miller, Labiak, Casto, Richardson, and Duffin met with high ranking officials in the Cook County State's Attorney's Office, including Defendants Smeeton and Owen to formulate a plan to implicate Soto and Ayala; (5) during this meeting Defendant Officers and ASA Defendants agreed to coerce Wally "Gator" Cruz into testifying falsely against Soto and Ayala to frame them for the Pietrowski Park murders; (6) Defendant Officers withheld all reports concerning their October 14, 1981 meeting; (7) on or around October 15, 1981 Defendants Foster, Hernandez, Smeeton, and Owen met with Cruz and intimidated Cruz into agreeing to falsely testify against Soto and Ayala and thereafter fabricated reports to match Cruz's coerced statement; (8) Defendant Officers and ASA Defendants used threats of harm and criminal charges to coerce over a dozen witnesses to provide false statements that would corroborate Cruz's false story; (9) both Plaintiffs were then charged and convicted; (10) both Plaintiffs spent over forty years in prison; and (11) the Circuit Court of Cook County later vacated both Plaintiffs' convictions and the State agreed to dismiss all charges against

3

them. *See* Ex. A ¶¶ 50, 52-53, 57, 60-70, 74, 77-83, 85, 88-89, 93-99, 101-108; Ex. B ¶¶ 25-27, 29, 30, 39-46, 48-56, 58, 61-62, 64, 67-74, 76-84.

Based on these allegations, both Plaintiffs bring claims pursuant to 42 U.S.C. § 1983 for violations of the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and Illinois state law claims for malicious prosecution, intentional infliction of emotional distress, conspiracy, and willful and wanton conduct. *See* Ex. A, Counts I-IX; Ex. B, Counts I-X. Both Plaintiffs allege indemnification and policy and practice claims against the City of Chicago. Ex. A, Counts V, XI; Ex. B, Counts VI, XII. Both Plaintiffs allege indemnification against Cook County. Ex. A, Count XI; Ex. B, Count XII. And both Plaintiffs have sued the same Individual Defendants: William Foster, Ernest Hernandez, John Schmidt, Robert Miller, Eugene Labiak, Stephen Casto, Thomas Richardson, Michael Duffin, Reynaldo Guevara, Robert Johnson, Anthony Pecararo, Anthony Kuta, Roman Tapkowski, Stanley Byczek, Vincent Tondryk, Wayne Straza, Michael McMeel, Jude Evans, Phillip Szpicki, John Regan (through his special representative), Dennis Maderak (through his special representative), N. Dub, former Cook County ASA Gregg Owen, former Cook County ASA Timothy McMahon (through his special representative), former Cook County ASA Jack Smeeton, the City of Chicago, and Cook County.[2] The same attorneys represent the City of Chicago, Cook County, and all of the Individual Defendants in both cases.

**PROCEDURAL HISTORY**

Plaintiff Soto filed his original Complaint on October 22, 2024. Dkt. 1. On April 18, 2025, Plaintiff Soto filed his First Amended Complaint. Ex. A. Fact discovery is to be completed by January

---

[2] Plaintiff Soto also named former CPD Officer Kenneth Mann. Plaintiff Ayala voluntarily dismissed Mann on May 2, 2025. *See Ayala v. Foster, et al.*, 24-CV-12800, Dkt. 111. Upon information and belief, Mann died after he was served. A Rule 25 notice has not yet been filed or a special representative named in this matter.

4

26, 2026. Dkt. 143. The parties issued their Rule 26(a) disclosures and written discovery. *Id.* No party has answered written discovery, nor have any depositions been taken.

Plaintiff Ayala filed his Complaint on December 12, 2024. *Ayala v. Foster, et al.*, 24-CV-12800, Dkt. 1. Plaintiff Ayala filed his First Amended Complaint on May 13, 2025. *Ayala v. Foster, et al.*, 24-CV-12800, Dkt. 119. ASA Defendants and Defendant Guevara filed their responsive pleading on May 27, 2025. *Ayala v. Foster, et al.*, 24-CV-12800, Dkts. 128, 129. The responsive pleading deadline is July 7, 2025. *Ayala v. Foster, et al.*, 24-CV-12800, Dkt. 108. No discovery schedule has been set.

All counsel have conferred on this motion. All parties do not object to the instant motion for purposes of discovery. City Defendants also seek consolidation for all pretrial proceedings, including summary judgment, and reassignment. The parties conferred via telephone conference on June 2, 2025 and videoconference on June 4, 2025 pursuant to Local Rule 37.2. Plaintiffs request three weeks to respond up to and including June 27, 2025. Defendants request 2 weeks to reply up to and including July 11, 2025.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "This Rule is designed to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Palomares v. Second Fed. Sav. & Loan Ass'n of Chicago*, No. 10-cv-6124, 2010 WL 4672295, *2 (N.D. Ill. Nov. 9, 2010) (Coleman, J.).

Similarly, Local Rule 40.4, entitled "Related Cases, Reassignment of Cases as Related," provides, in relevant part:

(a) Definitions. Two or more civil cases may be related if one or more of the following conditions are met:

    (1)  the cases involve the same property;

    (2)  the cases involve some of the same issues of fact or law;

    (3)  the cases grow out of the same transaction or occurrence; or

    (4)  in class action suits, one or more of the classes involved in the case is or are the same.

(b) Conditions for Reassignment. A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:

    (1)  both cases are pending in this Court;

    (2)  the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

    (3)  the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

    (4)  the cases are susceptible of disposition in a single proceeding.

This Local Rule "promotes efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common." *Garner v. Country Club Hills*, No. 11-cv-5164, 2012 WL 1900020, *1 (N.D. Ill. May 23, 2012) (Dow, J.).

    A district court possesses "broad discretion" in deciding whether to consolidate cases for discovery and trial. *See Am. Photocopy Equip. Co v. Fair (Inc.)*, 35 F.R.D. 236, 237 (N.D. Ill. 1963). "In exercising that discretion, a court should consider whether the proposed consolidation would promote convenience and judicial economy, and whether it would cause prejudice to any party." *Sylverne v. Data Search N.Y., Inc.*, No. 08-cv-0031, 2008 WL 4686163, *1 (N.D. Ill. May 28, 2008) (internal citation omitted). "Efficiency interests provide the first, and strongest, basis for consolidation." *Washington v. Boudreau*, No. 16-cv-01970, 2023 WL 184239, *3 (N.D. Ill. Jan. 13, 2023) (Kness, J.). Consolidation can also be ordered when there is a risk of inconsistent rulings. *Westfield Ins. Co. v. Indem. Ins. Co. of N. Am.*, No. 16-cv-3298, 2017 WL 7803767, *2 (C.D. Ill. Mar. 7, 2017).

"The Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap." *Blocker v. City of Chicago*, No. 09-cv-7052, 2011 WL 1004137, *2 (N.D. Ill. Mar. 16, 2011) (Coleman, J.) (citing *Blair v. Equifax Check Servs.*, 181 F.3d 832, 839 (7th Cir. 1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single Judge"); *see also Smith v. Check-N-Go of Ill., Inc.*, 200 F.3d 511, 513 n. * (7th Cir. 1999) (criticizing district court for allowing numerous related lawsuits to proceed along different tracks before different judges).

## ARGUMENT

### I. The Two Cases Meet the Definition of Relatedness.

Local Rule 40.4(a) requires that only one of four conditions be met for cases to be "related," and two of those conditions are met here – the two cases "involve some of the same issues of fact or law," and they "grow out of the same transaction or occurrence." *See* LR 40.4(a)(2) and (3). As explained above, *Ayala* and *Soto* Plaintiffs bring nearly identical legal claims against the same Defendants, who are represented by the same groups of attorneys, based on nearly identical factual allegations, all arising out of the same murder investigation and subsequent criminal prosecution. Under such circumstances, any minor variations between the two cases do not defeat the fact that the cases are clearly "related." *See Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 00-cv-4623, 2008 WL 1848142, *3 (N.D. Ill. Apr. 24, 2008) (Kocoras, J.) ("[T]wo cases need not be absolutely identical to be related for purposes of LR 40.4").

Indeed, everyone agrees—neither Ayala nor Soto contend that the relatedness prong is not met. As such, as described above, the relatedness prong is more than satisfied here.

### II. All Conditions for Reassignment and Consolidation Are Met.

Regarding the conditions for reassignment, the first condition of LR 40.4(b) is easily satisfied as is demonstrated by perusing each case's docket: each case is pending in this District, each is at an

7

early stage (written discovery was propounded on May 19, 2025 in *Soto*, however, no written discovery has been propounded or responded to in *Ayala* and no depositions have been taken in either matter), and reassignment would not substantially delay either action. *See Garner*, 2012 WL 1900020 at *2.

The second condition of LR 40.4(b)—saving judicial time and effort— is also clearly met. To begin, the same attorneys represent all Defendants in both cases. *See Robbins v. Pepsi-Cola Metro. Bottling Co.*, No. 84-cv-170, 1985 WL 5130, *3 (N.D. Ill. Dec. 26, 1985) ("The two cases presently before the court, *Robbins* and *Central States*, not only involve the same parties, they also are being handled by the same counsel. Common sense and principles of judicial economy dictate that they should be consolidated for purposes of discovery and trial").

Moreover, as demonstrated by a brief consideration of the cases' reasonably foreseeable litigation paths, reassignment and consolidation will achieve substantial judicial efficiencies at every step. For instance, both *Ayala* and *Soto* Plaintiffs bring due process claims based on fabrication of evidence, withholding exculpatory evidence, and coerced witness testimony. *See* Ex. A, ¶¶ 61-70, 74, 83, 85, 89, 95-98; Ex. B, ¶¶ 39-48, 51, 56, 58, 62, 64, 65, 69-73. If the two cases proceed before different judges, *Ayala* and *Soto* Plaintiffs' identical claims will be subject to the same duplicative—and extensive—discovery in both cases with the potential for diverging conclusions at summary judgment. Accordingly, a single resolution of these issues by one court will provide consistency and result in substantial savings of time and effort during fact discovery, expert discovery, and summary judgment briefing. As Judge Kennelly stated in *Fairbanks Capital Corp. v. Jenkins*, No. 02-cv-3930, 2002 WL 31655277, *2 (N.D. Ill. Nov. 25, 2002):

> Reassignment of all the cases to this Court's calendar will permit the issues to be briefed and determined once, rather than four separate times, which will result in a substantial saving of judicial time and effort – not to mention a substantial saving of the parties' and their counsels' time and effort. The overall administration of justice will likewise be enhanced by having a single judge determine this issue in all four of the cases.

*Id.* (citing *Check-N-Go of Ill., Inc.*, 200 F. 3d at 513 n. * (criticizing district court for not consolidating related cases, resulting in numerous and disparate decisions)).

To be sure, the substantial saving of time and resources in discovery that reassignment and consolidation would provide cannot be understated. Because of the nearly identical legal and factual bases underlying the lawsuits, discovery will involve the same issues and disputes, such as production of sensitive documents, *Monell*, and Fed. R. Evid. 404(b) witnesses, and other disputes typical in police-related litigation generally and reversed-conviction litigation specifically. The parties in both cases will be issuing subpoenas to the same third parties (Cook County State's Attorney's Office, Cook County Department of Corrections, Illinois Department of Corrections, etc.) for the same documents (police reports, witness statements, criminal files, criminal trial transcripts, etc.). Additionally, the parties in both cases will seek to depose the same witnesses: Ayala, Soto, Ruben Palomo, Wally Cruz, John Rojas, Victor Rodriguez, Alex Valle, Tyrone Ayala, Robert Villagomez, Individual Defendants, third-party officers involved in the investigation, the eyewitnesses (Laura Salazar, Mario Abarca, and Darrell Mullins), and the prosecutors who worked on their joint prosecutions. Thus, "the undoubted overlap in discovery issues between the two cases will result in substantial savings in both the court's time and the parties' time and effort." *Peery v. Chicago Hous. Auth.*, No. 13-cv-5819, 2013 WL 5408860, *2-3 (N.D. Ill. Sept. 26, 2013) (Coleman, J.) (granting motion for reassignment based on relatedness despite additional defendants in one case). Further, reassignment and consolidation will help keep the cases on similar schedules and allow discovery to be streamlined by avoiding duplication of subpoenas and the burden of scheduling and conducting depositions of the same fact and expert witnesses on two separate occasions.

The third condition of LR 40.4(b)—prejudicial delay—is also satisfied. The cases are both at the beginning stages. This Court set the discovery schedule on April 29, 2025 in *Soto*. Dkt. 143. No discovery schedule has yet been set in *Ayala*. Consolidation of these cases for discovery and dispositive

motion practice will prevent duplicative discovery in separate actions, avoid unnecessary taxation on the Court's (and parties') time by addressing identical and overlapping factual issues and motions, avoid excessive expenses and costs to the parties from duplicative discovery efforts and avoids inconsistent results. As both cases involve identical parties, witnesses, the same questions of law and fact, have generally progressed at the same rate and are susceptible of disposition in a single proceeding, the Plaintiffs in both cases have agreed to consolidation for purposes of discovery. Defendants also seek consolidation for dispositive motions and reassignment. This track is historically almost always the ultimate procedural disposition of such cases as this where two plaintiffs sue the same set of defendants relating to the same criminal incident and set of prosecutions. This Court should follow suit so that the parties can litigate these two cases in the most efficient and consistent manner possible.

Written and oral discovery will be expedited because it is largely the same body of documents that are at issue (police reports, witness statements, criminal transcripts, etc.). And, most critically, oral discovery has not yet commenced in either case, affording the parties the opportunity to take one set of near-identical depositions. Not only does this conserve the resources of counsel, but it reduces the burden of litigation on aging defendants and third-party witnesses who should only have to sit for seven rather than 14 hours of testimony.

After discovery concludes, substantial judicial savings will continue to be realized as the cases move to summary judgment on such foreseeable legal and factual issues as qualified immunity and probable cause, which will be resolved more efficiently and consistently in one proceeding with one judge. In similar circumstances, the third condition was met and a motion under LR 40.4 was granted where:

> [G]iven the similarities among the three cases, it is clear that substantial judicial resources will be saved if the matters are consolidated. All three cases have essentially the same plaintiffs, identical defendants, the same legal theories, substantially similar factual theories, and involve the same Chicago River. Furthermore, the same witnesses will likely be called for all three matters.

10

*River Vill. W. LLC v. Peoples Gas Light & Coke Co.*, No. 05-cv-2103, 2007 WL 541948, *2 (N.D. Ill. Feb. 14, 2007). Without reassignment and consolidation, two federal district court judges will unnecessarily duplicate efforts by deciding nearly-identical legal and factual issues, warranting the relief sought here. *Pactiv Corp. v. Multisorb Tech., Inc.*, No. 10-cv-461, 2011 WL 686813, *3, 5 (N.D. Ill. Feb. 15, 2011) (Leinenweber, J.) (consolidating two patent infringement cases for all purposes because "it would be a waste of judicial resources to have two judges presiding over two cases involving the same parties, attorneys, and allegedly infringing product").

The fourth condition of LR 40.4(b) is met because the causes "are susceptible of disposition in a single proceeding," and "consolidation will likely result in disposition of the cases in a single consistent proceeding." *River Vill. W. LLC* , 2007 WL 541948 at *2. As explained above, some or all of Plaintiffs' identical claims may be disposed of at the summary judgment stage of the proceedings.

"[C]ommon issues of law and fact…can be resolved in a single proceeding even if some additional facts also have to be determined as to each individual plaintiff." *Anderson v. Cornejo*, 199 F.R.D. 228, 262 (N.D. Ill. 2000) (granting motion for reassignment under LR 40.4); *Peery*, 2013 WL 5408860 at *2 ("The fact that either case may require other issues, such as evaluating the individual damages of the plaintiffs, to be resolved separately does not negate the fact that the core issues here are virtually identical"). Local Rule 40.4(b) "does not require that the cases be completely identical to permit reassignment. Rather, the issue is whether both actions 'involve fundamentally similar claims and defenses that will likely be amendable [sic] to dispositive treatment in unified proceedings, whether in claim construction, summary judgment or trial.'" *Pactive Corp.*, 2011 WL 686813 at *5 (quoting *Global Patent Holdings*, 2008 WL 1848142 at *4). Moreover, LR 40.4(b) does not require "proof" that the cases can or should be reassigned; "[r]ather, the Rule requires only a finding that the cases are 'susceptible' (that is, capable) of determination in a single proceeding." *Fairbanks Capital Corp.*, 2002 WL 31655277 at *3; *see also Velocity Patent LLC v. Mercedes-Benz USA, LLC*, No. 13-cv-8413, 2014 WL 1661849, *2

11

(N.D. Ill. Apr. 24, 2014) (Darrah, J.) ("Velocity has alleged an infringement of the '781 patent that is likely to feature similar issues in each of the cases. This is not to say that the cases will be disposed of at the same time, but only that they are *susceptible*. This has been shown here") (emphasis in original).

Here, each Complaint clearly indicates that Plaintiffs will likely be witnesses in each other's case, since they allege their original criminal trial proceeded in one trial and were intertwined. *See* Ex. A, ¶¶ 99-101; Ex. B, ¶ 74-76. Similarly, most or all the same Defendants, police officers, prosecutors, and other key witnesses and evidence will be the same for each Plaintiff's case, and since Plaintiffs bring virtually identical legal claims, each case will also involve the same legal issues. Consequently, even if each Plaintiff needs to adduce some unique evidence, the overwhelming bulk of the cases will be nearly identical. Moreover, the same attorneys will represent the City of Chicago, Cook County, and the Individual Defendants in both cases. *See Fairbanks Capital Corp.*, 2002 WL 31655277 at *3 (finding the cases reasonably subject to disposition in a single proceeding due to, in part, the appearance of the same lawyers in all cases). In sum, the reassignment and consolidation will save the court and the parties time, money, and effort.

In analogous circumstances, the fourth condition was met and the LR 40.4 motion was granted where two civil rights cases arose from the same incident and, while the cases were not identical, they involved a majority of the same defendants and issues:

> The fact that each complaint alleges a separate incident of misconduct or that the complaint in *Parker* contains additional counts, does not preclude the two cases from being disposed of in a single proceeding. The overwhelming factual and legal issues presented in both the *Freeman* and *Parker* complaints revolve around the incident that occurred on April 17, 2003. The facts and issues in both cases are similar in nature and can be handled more efficiently in one proceeding. Accordingly, this court finds that the case are susceptible of disposition in a single proceeding.

*Freeman v. Bogusiewiz*, No. 03-cv-2908, 2004 WL 1879045, *2 (N.D. Ill. Aug. 11, 2004).

The multiple benefits of consolidating the cases' complex and costly discovery and motions far outweigh the benefit, if any, to Ayala and Soto in having their individual claims litigated separately.

12

*Brunner v. Jimmy John's LLC*, No. 14-cv-5509, 2016 WL 7232560, *1 (N.D. Ill. Jan. 14, 2016) (Kocoras, J.) (finding reassignment and consolidation warranted in case involving FLSA claims for unpaid overtime "based on highly similar allegations"); *Lamon v. Stephens*, No. 14-cv-1051, 2015 WL 1344371, *2 (S.D. Ill. Mar. 23, 2015) (granting motion for consolidation pursuant to Fed. R. Civ. P. 42 due to same allegations against same defendant based upon same time frame); *East v. Lake Cnty. Sheriff Dep't*, No. 14-cv-00058, 2014 WL 1414902, *2 (N.D. Ind. Apr. 14, 2014) (granting motion for consolidation pursuant to Fed. R. Civ. P. 42 in light of commonality of facts and issues of law).[3]

Most pertinent here, courts in this District have routinely granted motions for reassignment and consolidation in other similar reversed-conviction cases involving former co-defendants as plaintiffs. *See Washington*, 2023 WL 184239 at*3 (finding consolidation of reversed-conviction cases for trial was warranted given the considerable overlap in facts between both cases and the significant benefits to be gained by scheduling one trial); *Abrego v. Guevara, et al.*, No. 23-cv-01740 (N.D. Ill.) (Seeger, J.) (Dkt. 114) (minute entry order granting motion to consolidate reversed-conviction cases for purposes of discovery)[4]; *Gecht v. Guevara, et al.*, No. 23-cv-01742 (N.D. Ill.) (Maldonado, J.) (Dkt. 109, 122) (minute entry orders granting motions to consolidate reversed-conviction cases for discovery and dispositive motion practice); *Mendoza v. Guevara*, et al., No. 23-cv-02441 (N.D. Ill.) (Durkin, T.) (Dkt. 50) (minute entry order granting consolidation over objection for discovery and dispositive motions); *Colon v. City of Chicago*, et al., No. 23-cv-16798 (N.D. Ill.) (Kennelly, M.) (Dkts. 56, 158) (minute entry granting motion for reassignment based on relatedness in reversed-conviction cases);

---

[3] Defendants are not presently asking the Court to decide if the cases can be tried together, but only to consolidate them for all pretrial purposes and visit the question of trial at a future time. "[R]eassignment of cases as related does not inexorably lead to their consolidation for all purposes." *Fairbanks Capital Corp.*, 2002 WL 31655277 at *3. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005) (provisionally consolidated five cases under LR 40.4, and later returning four to their original dockets after pretrial proceedings); *Garner v. Country Club Hills*, 2012 WL 1900020 at *2-3 (recommending consolidation for discovery, even if it was not apparent consolidation would yield substantial judicial savings or that cases were susceptible of being disposed of in a single proceeding. 2012 WL 1900020 at *2-3.
[4] These same set of attorneys for Plaintiffs were unopposed to consolidation for discovery and dispositive motions in *Abrego* and *Cain*. *Id*. at Dkt. 105. The Court granted consolidation for discovery only and held off on consolidating for summary judgment until the cases reach that stage. *Id*. at Dkt. 114.

*DeLeon-Reyes v. Guevara*, et al., No. 18-cv-1028 (N.D. Ill.) (Wood, J.) (Dkt. 49) (minute entry order granting motion for reassignment based on relatedness in reversed-conviction cases); *Ezell v. City of Chicago, et al.*, No. 18-cv-1049 (N.D. Ill.) (Kendall, J.) (Dkt. 39) (minute entry order granting motion to consolidate reversed-conviction cases for the purposes of discovery and dispositive motions); *Almodovar v. Guevara, et al.*, No. 18-cv-02341 (N.D. Ill) (Gottschall, J.) (Dkt. 20) (minute entry order granting motion for reassignment based on relatedness and consolidating reversed-conviction cases for all pretrial proceedings); *Serrano v. Guevara, et al.*, No. 17-cv-02869 (N.D. Ill.) (Shah, J.) (Dkt. 48) (ordering reassignment and consolidation of reversed-conviction cases for all pretrial proceedings).[5] Reassignment and consolidation is warranted.

### III.  This Motion Is Timely.

Local Rule 40.4(c) states in part: "In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not *generally* be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." (emphasis added).

Although Defendants bring this motion prior to all *Ayala* responsive pleadings have been filed (*see Ayala* Dkt. 108), that should not defeat the motion. *See Freeman*, 2004 WL 1879045 at *1 (granting reassignment motion brought before answers were filed because Local Rule does not explicitly require motion to be brought only after answers or other pleadings). Here, the cases are related under LR 40.4(a) and the four factors of LR 40.4(b) are met. Without bringing this motion now, there is a possibility that each case will veer off in its own direction, with different schedules, leading to the inefficient use of judicial and party resources and potentially resulting in inconsistent rulings over identical issues. Defendants thus file this motion as soon as practicable, seeking to achieve the judicial economies discussed above. *See East*, 2014 WL 1414902 at *2 (granting consolidation motion where

---

[5] The minute entry orders in *Abrego*, *Gecht*, *Almodovar*, *DeLeon-Reyes*, *Ezell*, and *Serrano* are attached as Group Exhibit C.

14

second complaint had not yet been served and only one of seventeen defendants had filed a pleading responsive to the complaint in the first case).

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court grant the following relief:

A. Find that *Ayala* and *Soto* are related;

B. Reassign *Ayala* to this Court;

C. Consolidate *Ayala* and *Soto* for the purposes of discovery and through summary judgment; and

D. Grant such other relief as this Court deems just and proper.

Dated: June 6, 2025                                             Respectfully submitted,

/s/ Amanda C. Guertler                                          /s/ John J. Timbo

Steven B. Borkan                                                James G. Sotos
Timothy P. Scahill                                              Josh M. Enquist
Misha Itchhaporia                                               John J. Timbo
Emily E. Schnidt                                                Jeffrey R. Kivetz
Amanda C. Guertler                                              Kylie R. Dodd
Special Assistants Corporation Counsel                          Katherine E. Linehan
Borkan & Scahill, Ltd.                                          Special Assistant Corporation Counsel
20 South Clark Street, Suite 1700                               The Sotos Law Firm, P.C.
Chicago, Illinois 60603                                         141 W. Jackson Blvd, Suite 1240A
(312) 580-1030                                                  Chicago, Illinois 60604
*Attorneys for Reynaldo Guevara*                                (630) 735-3300
                                                                *Attorneys for Foster, Hernandez, Richardson, Duffin, Pecoraro, Kuta, Tapkowski, Tondryk, McMeel, Labiak, Straza, Dub, Johnson, Miller, Casto, Byczek, Schmidt, and Yanow, as special representative for John Regan and Dennis Maderak, deceased*

/s/Austin G. Rahe

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Andrew J. Grill
Austin G. Rahe
Lauren M. Ferrise
Sabrina A. Scardamaglia
Martin W. McManaman
Special Assistant Corporation Counsel
Rock Fusco & Connelly, LLC
333 W. Wacker Drive, 19th Floor

Chicago, Illinois 60606
(312) 494-1000
*Attorneys for City of Chicago*