**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES SOTO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-CV-10869 |
| v. | ) | |
| | ) | Judge Martha M. Pacold |
| WILLIAM FOSTER, *et al.*, | ) | |
| | ) | Magistrate Judge Laura K. McNally |
| Defendants. | ) | |

| | | |
|---|---|---|
| DAVID AYALA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-CV-12800 |
| v. | ) | |
| | ) | Judge Martha M. Pacold |
| WILLIAM FOSTER, *et al.*, | ) | |
| | ) | Magistrate Judge Laura K. McNally |
| Defendants. | ) | |

# DEFENDANTS' PARTIALLY OPPOSED MOTION TO EXTEND REMAINING EXPERT DISCOVERY DEADLINES

All defendants, through their undersigned counsel, jointly move for a 90-day extension of all remaining expert discovery deadlines, and state as follows:

## BACKGROUND

Plaintiffs James Soto and David Ayala were each convicted in Illinois state court for an August 1981 double murder and attempted murder in Chicago. They each spent 42 years in prison until their convictions were vacated in 2023, at which point the State immediately dropped all charges. Plaintiffs now allege that misconduct by more than 20 former Chicago police officers and three former Cook County prosecutors caused them to be wrongfully convicted. Plaintiffs also assert *Monell* claims against the City of Chicago for alleged municipal liability.

Fact discovery in both cases proceeded cooperatively and efficiently, notwithstanding the breadth of Plaintiffs' claims and significant passage of time since the underlying events more than

45 years ago. The parties deposed approximately 50 witnesses over about nine months, sometimes completing multiple depositions on a single day. The parties also completed extensive written discovery among themselves and via subpoena to non-parties, which collectively resulted in production of well over 150,000 pages of material, not including depositions. Fact discovery closed in both cases on May 26, 2026, and this Court granted the parties leave to conduct six additional depositions by June 16. *Soto* Dkt. 238.

Near the end of fact discovery, this Court ordered the parties to submit a joint status report in April 2026 addressing, among other things, "the number of experts to be called by each party, along with the general subject matter of their testimony." *Soto* Dkt. 223. In response, Plaintiffs reported their intent "to disclose four expert witnesses on the following subject matters: (a) Police practices expert; (b) Prosecutor expert; (c) Psychologist; and (d) Prison conditions expert." *Soto* Dkt. 224, ¶ 11. Defendants reported their intent to disclose on the same topics, plus a gang expert. *Id.* at ¶ 12. The Court then set the expert discovery schedule accordingly. *See Soto* Dkt. 225.

In June 2026, the parties jointly moved for a 45-day extension of the expert discovery schedule, which this Court granted. *Soto* Dkts. 253–54. In late August, Plaintiffs then moved for an additional 30-day extension without opposition from Defendants, which this Court granted. *Soto* Dkts. 260–61. As amended, the now-operative schedule required affirmative expert disclosures by October 5, depositions of affirmative experts by November 6, rebuttal disclosures by December 4, and closure of expert discovery by February 1, 2027. *Soto* Dkt. 261.

On October 5, after having previously represented their intent to disclose just "four expert witnesses," *Soto* Dkt. 224, ¶ 11, Plaintiffs disclosed six retained experts and one non-retained expert, for a total of seven affirmative experts. (Ex. 1, Pl. Soto's Rule 26(a)(2) Disclosures; Ex. 2, Pl. Ayala's Rule 26(a)(2) Disclosures). As previewed in the parties' April 2026 status report,

Plaintiffs' disclosures included purported experts on police and prosecutorial practices. Additionally, but not addressed in the parties' status report, Plaintiffs also disclosed experts on witness interrogations and *Monell*-related issues, and they each disclosed reports addressing clinical examinations with different experts—Plaintiff Soto by a psychologist and Plaintiff Ayala by a psychiatrist. Plaintiff Soto separately disclosed his therapist as a non-retained expert who is apparently expected to testify about "her clinical observations, diagnoses, and treatment" of Soto. (Ex. 1 at 2). Beyond Plaintiffs' one-word reference to "psychologist" in the parties' April 2026 status report, the October 5 disclosures marked the first time Defendants learned that Plaintiffs sat for examinations by clinical experts and planned to disclose retained expert opinion testimony based on those examinations. Also on October 5, Defendants Gregg Owen, Jack Smeeton, and Erin McMahon, as Special Representative of Timothy McMahon (collectively, "ASA Defendants"), jointly disclosed one affirmative expert.

Defendants promptly requested deposition availability for Plaintiffs' seven experts, and the parties began scheduling depositions ahead of the Court's November 6 deadline. However, due to unavailability of experts and counsel, the parties were unable to schedule all affirmative expert depositions by the existing November 6 deadline. Defendants deposed Plaintiffs' witness interrogation expert on October 29 and are set to depose their *Monell* expert on November 12 and prosecutorial expert on November 18. Defendants had planned to depose Plaintiffs' policing expert on November 9, but have since had to reschedule. Plaintiff Soto's psychological examiner is unavailable to be deposed until early-to-mid December, after the existing rebuttal disclosure deadline, and depositions of Plaintiff Ayala's psychiatric examiner and Soto's non-retained therapist remain outstanding. The ASA Defendants presented their affirmative expert for a deposition on October 28.

Upon reviewing Plaintiffs' psychological and psychiatric evaluations, Defendants also requested Plaintiffs' agreement to examinations under Fed. R. Civ. P. 35 given the nature of their experts' affirmative reports, which revealed that Plaintiff Ayala participated in interviews with his examiner in May and June 2026, and Plaintiff Soto participated in interviews in July, August, and September 2026. Despite having never represented that they planned to disclose experts who conducted such evaluations, Plaintiffs opposed Defendants' examination request as untimely. Defendants are therefore moving separately for leave to conduct Rule 35 examinations of each Plaintiff, which they expect to file by November 13 at the latest.

Given the impending deposition and rebuttal deadlines, Defendants also sought Plaintiffs' agreement to a 90-day extension of all expert deadlines to account for expert and counsel unavailability, the necessary time required after affirmative depositions to prepare thorough rebuttal disclosures, the aforementioned Rule 35 dispute and resulting examination process (if ordered), and the upcoming holiday season. Plaintiffs have no objection to a 45-day extension of all remaining deadlines, but oppose Defendants' requested 90-day extension. Thus, the 90-day extension is requested as partially opposed.

**LOCAL RULE 37.2 COMPLIANCE**

Pursuant to Local Rule 37.2, and as explained in this Court's required certificate below, counsel for the parties first conferred via email about their relief sought in this motion. Counsel then conferred via videoconference on October 30. The parties reached an impasse about the appropriate length of an extension: Defendants requested 90 days, but Plaintiffs were only willing to consent to 45 days.

## LEGAL STANDARD

A scheduling order may be modified for "for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4), and the Court may extend a deadline for good cause on a request made before it expires, Fed. R. Civ. P. 6(b)(1)(A). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

## ARGUMENT

Good cause exists for a 90-day extension of all remaining expert deadlines given the expanded number of affirmative experts now disclosed, the very large record on which the experts must opine, Defendants' diligence in deposing Plaintiffs' experts, and the pending Rule 35 dispute.

*First*, the scope of expert discovery has expanded significantly since the Court entered the original expert discovery schedule, as most recently amended at Plaintiffs' request. *Soto* Dkts. 260–61. Plaintiffs initially represented their intent to disclose "four expert witnesses" on four topics: (1) policing, (2) prosecutions, (3) "psychologist," and (4) prison conditions. *Soto* Dkt. 224, ¶ 11. Plaintiffs did not elaborate on their proposed topics, and did not explain that "psychologist" apparently meant they planned to sit for a collective five sessions with mental examiners between May and September 2026. Plaintiffs have now disclosed seven affirmative experts (six retained and one non-retained) on at least six different topics: (1) policing, (2) prosecutions, (3) witness interrogations, (4) *Monell*, (5) Plaintiff Ayala's psychiatric examination, and (6) Plaintiff Soto's psychological examination, along with (7) Plaintiff Soto's non-retained therapist. (*See generally* Exs. 1–2). Beyond the expansiveness of the factual record, which involves more than four decades of activity, the scope of Plaintiffs' expert disclosures has now made clear that the original expert

discovery schedule (as amended) is insufficient, notwithstanding the parties' considerable efforts to meet the current schedule.

*Second*, Defendants have been diligent in pursuing expert discovery, which is this Court's "primary consideration" under Seventh Circuit law. *See Alioto*, 651 F.3d at 720. Upon receiving Plaintiffs' disclosures, Defendants promptly requested their experts' availability, scheduled depositions, and served subpoenas on six experts, including for one who is unavailable for a deposition until December, after the existing rebuttal disclosure deadline, all in an effort to comply with the existing schedule. Defendants also promptly raised and pursued the Rule 35 issue upon learning for the first time that Plaintiffs each underwent individualized mental evaluations with different examiners, including by requesting the examiners' testing materials and protocols. The ASA Defendants also timely responded to a subpoena for their affirmative expert and produced him for a deposition, demonstrating additional diligence to meet the existing deposition deadline. Apart from Plaintiffs' psychologist, psychiatrist, and non-retained therapist, whose depositions each involve the pending Rule 35 dispute between the parties, Defendants have taken or scheduled depositions of each of Plaintiffs' other experts (other than one that must be rescheduled), all while continuing to work on their rebuttal disclosures, which are expected to be robust given the scope of Plaintiffs' disclosures and the size of the factual record spanning more than 45 years and approximately 50 depositions. Plaintiffs cannot reasonably contest Defendants' diligence in pursuing the expert discovery for which an extension is necessary.[1]

---

[1] Defendants also recently Plaintiff Ayala's mental health expert's four-page response to their subpoena for testing materials, which will require a Rule 37.2 conference to discuss apparent deficiencies in that response.

*Third*, the requested extension will allow sufficient time for the Court to resolve the parties' Rule 35 dispute, and for any resulting examinations to occur, if ordered. Defendants' forthcoming motion more thoroughly explains the good cause for the examinations, *see* Fed. R. Civ. P. 35(a)(2)(A), but Plaintiffs' current opposition essentially renders Defendants unable to rebut opinions from Plaintiffs' clinical experts, which they each rendered after multiple examinations of the plaintiff they evaluated. *See Silberman v. Walsh*, No. 20-CV-1745, 2021 U.S. Dist. LEXIS 117170, at *5 (N.D. Ill. June 23, 2021) (granting a defendant leave to conduct a Rule 35 mental examination of a plaintiff, in part because the defendant "must be permitted the opportunity to have its own expert(s) examine [the plaintiff] in order to rebut her experts"). Absent an extension, Defendants and their experts will be in the untenable position of having to refute Plaintiffs' clinical experts' diagnoses before a jury without getting to conduct their own examinations, as Rule 35 provides. The requested extension will allow sufficient time for the Court to resolve the dispute, and if ordered, for Plaintiffs to produce their experts' testing processes and materials, and Defendants' experts to examine Plaintiffs and produce reports before the rebuttal deadline.

Plaintiffs' proposed extension of only 45 extra days fails to account for the issues identified above, including the nearly doubled number of affirmative experts from Plaintiffs' original intent, as well as the time required for Rule 35 examinations, if ordered. Plaintiffs' proposal also fails to account for the inevitable delays among six sets of counsel and their respective experts during the upcoming holiday season, which Defendants will endeavor to minimize as much as possible. As it stands, for example, Plaintiff Soto's psychological examiner is not available for her deposition until early-to-mid December. Under Plaintiffs' proposal, the rebuttal disclosure deadline would be extended to January 18, leaving Defendants with little more than a month to depose the expert and have a rebuttal expert examine and opine on Soto, all during the holiday season, and on top of a

separate examination of Plaintiff Ayala and preparation of rebuttal disclosures on other issues. Such a compressed schedule is particularly unreasonable and prejudicial when compared to the time Plaintiffs' experts had to evaluate and examine their respective clients over multiple months each, long before the affirmative disclosure deadline. Defendants understand and appreciate that discovery must move forward efficiently, as demonstrated by their diligence in pursuing expert depositions. However, good cause exists for a 90-day extension, which is reasonable under the circumstances, and no more prejudicial to Plaintiffs than their 45-day counterproposal.

Finally, the requested extension will not jeopardize any future deadlines in this case, as no dispositive motion, *Daubert*, or pretrial deadlines have been set, and there is no trial scheduled. Defendants do not bring this motion for purposes of delay, but to allow them sufficient time to depose Plaintiffs' seven experts, consult with their rebuttal experts, and produce thorough rebuttal disclosures. The requested extension also keeps these cases within typical expert discovery schedules for Section 1983 reverse-conviction litigation in this District, including similar multi-plaintiff consolidated cases before this Court and Judge Pacold. *See, e.g., Kelly v. Guevara*, No. 24-CV-5354, Dkts. 141, 148, 163 (N.D. Ill.) (McNally, J.) (multi-plaintiff consolidated cases from 2023 and 2024 where initial expert disclosures occurred in late November 2025 and expert discovery closed in late April 2026); *see also Coleman v. City of Chicago*, No. 18-CV-998, Dkts. 395, 428 (N.D. Ill) (Pacold, J.) (multi-plaintiff consolidated cases from 2018 where initial expert disclosures occurred in late June 2025 and expert discovery closed in April 2026).

WHEREFORE, Defendants respectfully request a 90-day extension of remaining expert discovery deadlines, as outlined below, and any other relief this Court deems just and reasonable:

- Depositions of affirmative experts – February 4, 2027;
- Rebuttal disclosures – March 4, 2027; and

- Close of expert discovery – May 3, 2027 (the 90th day falls on Sunday, May 2).

Alternatively, if the Court declines to extend the discovery schedule by 90 days, Defendants request the Court extend all remaining expert discovery deadlines by no less than 45 days, which Plaintiffs do not oppose, for the same reasons explained herein.

Date: November 6, 2026

Respectfully submitted,

**Defendant City of Chicago**

*/s/ Austin Rahe*

Eileen E. Rosen
Austin G. Rahe
Catherine M. Barber
Theresa B. Carney
Sabrina A. Scardamaglia
Lauren F. Ferrise
Rock Fusco & Connelly
333 W. Wacker Dr., 19th Fl.
Chicago, IL 60605

**Defendants Owen, Smeeton, & McMahon**

*/s/ Stephen Mehr*

James M. Lydon
Michael C. Stephenson
Matthew R. Howroyd
Stephen D. Mehr
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, Illinois 60606

**Individual Defendant Officers**

*/s/ John Timbo*

James G. Sotos
Josh M. Engquist
Jeffrey R. Kivetz
John J. Timbo
Kylie R. Dodd
Katherine E. Linehan
The Sotos Law Firm, P.C.
141 W. Jackson Blvd., Ste. 1240A
Chicago, IL 60604

**Defendant Reynaldo Guevara**

*/s/ Amanda Guertler*

Steven B. Borkan
Timothy P. Scahill
Emily E. Schnidt
Misha Itchhaporia
Amanda C. Guertler
Vivian A. Rotolo
Borkan & Scahill, Ltd.
20 S. Clark St., Ste. 1700
Chicago, IL 60603

**RULE 37.2 CERTIFICATE**

The undersigned certifies that counsel for the parties conferred first via email about the relief sought in this motion. In compliance with Local Rule 37.2 and this Court's standing order, counsel for the parties met via videoconference on October 30, 2026, to continue their discussion. The parties reached an impasse during the videoconference about the appropriate length of an extension, with Defendants seeking 90 days and Plaintiffs only agreeing to 45 days.

*/s/ Stephen Mehr*

## CERTIFICATE OF SERVICE

The undersigned states that I caused the foregoing document to be filed via U.S. District Court for the Northern District of Illinois CM/ECF system on November 6, 2026, which will accomplish service on all counsel of record.

*/s/ Stephen Mehr*